UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Bryan Keith Sutton,

       Plaintiff,                                Case No. 20-12735

                                                      Paul D. Borman
v.                                                   United States District Judge

                                                      R. Steven Whalen
Genesee Health System                       United States Magistrate
       Defendant.
_____/

OPINION AND ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 2) AND
(2) DISMISSING PLAINTIFF'S COMPLAINT (ECF NO. 1) PURSUANT TO 28 U.S.C. § 1915(e)(2)

Plaintiff filed this Complaint against the Genesee Health system. (ECF No. 1) Plaintiff alleges: "They violated my religious rights. After I explained that was against my religion to be injected with psychotropic drugs which caused me to shake and trimmer [sic]." Plaintiff also alleges that "From the beginning of February 8th, 2018, Genesee Health System caused me to loose [sic] work pertaining to my business of writing and developing patents that I have in my possession." Plaintiff claims a $25,000,000 amount in controversy and that "this cost me to miss appointments with Micsoft [sic]."

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (ECF No. 2.) Plaintiff's only reported income comes from Social Security in the amount of

1

$1,091 monthly. Plaintiff reports monthly expenses from rent and a cell phone bill over $500. Plaintiff reports $1,091 in cash or a bank account. Plaintiff admits of no other assets or sources of income. The Court concludes that Plaintiff has demonstrated sufficient indigence to proceed in this Court without prepayment of the filing fees and GRANTS the Application to Proceed *In Forma Pauperis*.

Complaints filed by a plaintiff proceeding *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss claims that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). To state a claim for relief, the factual allegations of the Complaint must demonstrate a plausible entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007). The *Twombly* standard governs dismissals under § 1915(e)(2). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold Plaintiff's Complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States,* 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, § 1915(e)(2)(B) directs that this Court must nonetheless dismiss such a complaint if, given that liberal construction, it is frivolous or fails to state a claim on which relief can be granted.

A claim is frivolous when it lacks an arguable basis in law or in fact, and a court may dismiss a complaint as frivolous when it is based on an indisputably meritless legal theory or where its factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Plaintiff purports to invoke this Court's federal question jurisdiction by alleging that the Genesee health system injected him with psychotropic drugs against his religious objections.  Plaintiff does not allege when he was injected, what particular drugs were used, or specify his religious objections.

The remaining allegations in the Complaint are similarly vague and conclusory and indicate this action is without merit. The claims for relief include $25,000,000 for the "miss[ed] appointments with Micsoft [sic]." (ECF No. 1 PageID.5.) This is similarly vague and non-specific.

Accordingly, this case is DISMISSED.

IT IS SO ORDERED.

                                                         s/Paul D. Borman  
                                                         Paul D. Borman  
                                                         United States District Judge

Dated: October 19, 2020